Dear Ms. McCallum:
We are in receipt of your request for an Attorney General's opinion regarding the Town of Farmerville's responsibility to annexed territory. We will reiterate the facts from your letter of October 12th.
The Town is being petitioned by a group of residents for annexation into the Town. The group is not interested in any of the town services such as water, sewage or garbage collection, but desires to become annexed into the Town of Farmerville to lower their fire protection rating. If the Town was required to provide services to this area, it would be at a great expense to the town. Therefore, you are requesting an opinion on the following question:
 1. Can the Town of Farmerville annex an area without being obligated to provide the services outlined above?
 2. In the alternative, can the Town of Farmerville annex an area with an ordinance that specifically states that the annexation is subject to no services being provided by the Town?
With regard to your first question, we refer to LSA-R.S. 33:179, which states:
 Where the corporate limits of municipalities have been extended or enlarged as hereinabove provided, the annexed territory, the inhabitants thereof, and the owners of property therein shall enjoy as to themselves and their property all the rights, immunities, and privileges granted and enjoyed by the citizens of the municipality to which the territory has been annexed.
It remains the opinion of this office that a municipality which has extended its boundaries by annexing territory to its corporate limits is responsible for providing all the rights, immunities, and privileges to the individuals and property in the newly annexed area, granted to and enjoyed by the citizens of the annexing municipality. (Atty. Gen. Op. Nos. 92-651, 84-411)
With regard to your second question, we refer to LSA-Const. Art. VII, § 1 (1974), formerly Article 10, Section 1, Constitution of 1921, which states:
 Section 1. Except as otherwise provided by this constitution, the power of taxation shall be vested in the legislature, shall never be surrendered, suspended, or contracted away, and shall be exercised for public purposes only.
In Attorney General Opinion No. 1947, p. 549, we addressed the question of the right of property owners to demand sewerage and storm drainage and the right of the town to legally waive or avoid by stipulation the levying of taxes on the owners of the property in the area to be incorporated. We opined that the town could not legally waive its right to levy a tax, because the sovereignty of the municipality, including its right and power to levy taxes, could not be lawfully contracted away. Article 10, Section 1, Constitution of 1921.
Referring again to R.S. 33:179 quoted above, we reaffirm our opinion of 1947, and conclude that the individuals and property in the annexed area are entitled to all the rights, immunities, and privileges granted to and enjoyed by the citizens of the annexing municipality. To allow a town to contract away its rights and/or to allow property owners to contract away their rights, with respect to services in an incorporated area, would be contrary to LSA-R.S. 33:179 and Art. VII, § 1 of the Louisiana Constitution of 1974.
We are aware of the provisions for contracting services in special service districts where both the municipality and the special district provide the same service, LSA-R.S. 33:221; however, that is not the case in this matter. Therefore, we conclude that the Town of Farmerville is required to provide all the rights, immunities and privileges to the individuals and property in the newly annexed area, as enjoyed by the citizens of the annexing municipality; and, the Town of Farmerville may not legally contract away its rights or the rights of the individuals and property in the newly annexed area.
I hope that this adequately addresses your concerns. If you require further assistance, please do not hesitate to ask.
Respectfully submitted,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/pb/0058s